# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Patricia Patterson, | ) |
| Plaintiff, | ) C/A No. 9:17-cv-1899-MBS-BM |
| v. | ) **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

On July 18, 2017, Patricia Patterson ("Plaintiff"), proceeding pro se, filed the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant Acting Commissioner of Social Security (the "Commissioner") denying in part her claim for Disability Insurance Benefits ("DIB").

## I.     Relevant Facts and Procedural History

Plaintiff is a sixty-year-old female. R. 138. Plaintiff has a college education and previously worked as a parts sales manager at AutoZone. R. 100. Plaintiff has not worked since November of 2005, around the time of her alleged disability onset date. Id. When working, Plaintiff performed managerial tasks, as well as manual labor involving lifting certain heavy automobile parts – batteries, engines, and transmissions. Id.

Plaintiff alleges disability stemming from a variety of ailments. Plaintiff alleges that her health problems began after she was a living kidney donor in 1995. R. 101. Then, in 2004, Plaintiff suffered a strained lumbar hernia. Id. Upon returning to work in 2005, Plaintiff re-injured her strained hernia, which Plaintiff alleges rendered her unable to work. Id. Since her hernia injury, Plaintiff alleges further injuries and conditions, including anxiety; glaucoma,

which Plaintiff alleges renders her unable to read; chronic bladder disease, which Plaintiff alleges occurs every 3-4 months and results in bathroom trips every 45-60 minutes; "bone disease"; high blood pressure; and frequent urinary tract infections and bouts of diarrhea as a side effect of her medicine. R.103. Plaintiff also alleges that she is subject to a ten-pound lifting restriction. R. 108.

Plaintiff filed her DIB claim on December 1, 2011 [1] alleging disability beginning on November 14, 2005.[2] R. 570. Plaintiff's claims were denied both initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on January 3, 2014, at which Plaintiff and a vocational expert testified. R. 96-124. On January 14, 2014, the ALJ issued a partially favorable decision, awarding Plaintiff benefits beginning on April 18, 2013, citing Medical-Vocational Guidelines. R. 183-91. The ALJ determined that since the amended onset date of March 26, 2009, Plaintiff suffered from "degenerative back disorder and [a] history of cataracts." R. 185. The ALJ nonetheless indicated that "the claimant has not had an impairment or combination of impairments that meets or medically equals" statutorily defined impairments. R. 186. The ALJ found that Plaintiff had "the residual functional capacity to perform light work." R. 187. In reaching his determination that Plaintiff could perform light work, the ALJ stated that "the claimant's medically determinable impairments could not reasonably be expected to cause" the symptoms Plaintiff alleges. Id. Thus, in consultation with a

---

[1] Plaintiff previously applied for an award of Social Security benefits and received a denial on March 25, 2009. R. 127-40. Plaintiff appealed that decision to the court. On November 30, 2010, The Honorable Richard M. Gergel affirmed the Commissioner's decision. See Patterson v. Commissioner of Soc.Sec. Admin., No. 09-2599, 2010 WL4929885 (D.S.C. Nov. 30, 2010).
[2] Plaintiff's amended onset date was March 26, 2009, the date after Plaintiff's original civil case was decided. Plaintiff disputes this onset date, alleging that her former attorney incorrectly instituted the change. Plaintiff instead alleges that her onset date is November 14, 2005. ECF No. 32. However, several documents in the record indicate that Plaintiff agreed to the March 2009 onset date. R. 755, 781.

vocational expert, the ALJ determined that there were numerous jobs that Plaintiff could still perform prior to reaching an "advanced age." R. 189. However, as soon as Plaintiff reached an "advanced age" on April 18, 2013, "there [would be] no jobs. . . in significant numbers in the national economy that the [Plaintiff] could perform" based on her impairments. R. 190. The ALJ found that Plaintiff became disabled on April 18, 2013.

Plaintiff, proceeding without counsel, filed an appeal of the ALJ's determination, again citing the November 14, 2005 onset date and requesting that the ALJ consider additional medical evidence. R. 311-317. The Appeals Council remanded to the ALJ for hearings on January 29, 2015 and April 26, 2016. On August 8, 2016, the ALJ once again issued a partially favorable decision, determining that Plaintiff was not disabled prior to April 17, 2013[3], but was disabled after that date. R. 13-38. In his decision, the ALJ first noted that the issue of disability between November 14, 2005, and March 25, 2009 had already been decided, and any further discussion of such disability would be barred by res judicata. R. 17. The relevant determination would be if Plaintiff was disabled from March 26, 2009 onward. Id. The ALJ determined that Plaintiff had degenerative disc disease, degenerative joint disease, tendinopathy, status post right nephrectomy, and status post hernia repair, which constitute severe impairments. R. 23. However, the ALJ concluded that Plaintiff's other alleged ailments, including cystitis, visual disorders, diabetes, gastroesophageal reflux disease, hyperlipidemia, hypertension, and an anxiety disorder, were "non-severe" within the meaning of the Act.[4] Id. In fact, the ALJ noted

---

[3] In the appeal decision, the ALJ changed Plaintiff's award date from April 18, 2013 to April 17, 2013.
[4] The Appeals Council specifically asked the ALJ to consider clarified evidence from a medical expert about Plaintiff's cystitis. R. 24. The expert, Dr. Frankel, determined that Plaintiff's bouts with cystitis were intermittent. Id. As such, the ALJ found that Plaintiff's cystitis was non-severe. The Appeals Council also asked the ALJ to evaluate Plaintiff's vision claims. The ALJ further stated that pursuant to expert opinion, Plaintiff's vision was "'excellent.'" R. 25.

3

that medical records indicated that Plaintiff did not mention many of her impairments until 2011 or 2012, and often received "no diagnosis" from doctors. R. 24-26. The ALJ also indicated that he gave little weight to the testimony of a chiropractor and certain lay individuals, including Plaintiff's son and her friends. R.33-35. The ALJ once again determined that Plaintiff only became disabled upon her becoming of "advanced age" and awarded benefits beginning on April 17, 2013. R. 37. Plaintiff requested review of the ALJ's second decision, again arguing that she was disabled beginning on November 14, 2005. The Appeals Council denied Plaintiff's request on May 18, 2015, making the ALJ's decision the final determination of the Commissioner. R. 1-4.

In Plaintiff's amended complaint, filed on August 4, 2017, Plaintiff alleges that the ALJ's decision is not supported by substantial evidence, and as such, the case should be reversed with an award of benefits beginning on November 14, 2005. ECF No. 13. On January 16, 2018, Plaintiff filed her brief challenging the Commissioner's determination on nine grounds [5]: (1) "res judicata doctrine does not apply to this claim"; (2) "AOD was amended unauthorized"; (3) and (4) "corroboration of evidence and fraudulently discredited degree of pain"; (5) fraudulently denied visual disorders"; (6) and (9) "violation of SSR 06-3P"; (7) "fraudulently denied interstitial cystitis"; and (10) "failure to apply sedentary restrictions to avoid reopening claims." ECF No. 32. Throughout Plaintiff's brief, Plaintiff makes reference to provisions contained within the Social Security Administration's Hearings, Appeals and Litigation Law Manual (HALLEX). On February 26, 2018, the Commissioner filed a brief in opposition. ECF No. 39.

---

[5] It appears that Plaintiff inadvertently mis numbered her grounds for relief, neglecting to include a paragraph 8.

4

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation ("Report"). On November 6, 2018, the Magistrate Judge filed his Report recommending that the Commissioner's decision be affirmed. ECF No. 57. The Magistrate Judge determined that Plaintiff sought the following: a determination that res judicata did not bar her from re-litigating her prior disability application; a determination that her disability onset date should be November 14, 2005; a determination that she was denied her right to counsel; a determination that the ALJ performed an improper Step Two analysis; a determination that the ALJ failed to find that Plaintiff qualified for a listing; a determination that the ALJ failed in evaluating Plaintiff's credibility, the opinions of record, and in determining Plaintiff's RCF; and an award of monetary damages for alleged torts and Constitutional violations. Id. at 13-14.

In his Report, the Magistrate Judge first found that res judicata barred evaluating Plaintiff's claims of disability from November 14, 2005 to March 25, 2009. Id. at 14. Next, the Magistrate Judge determined that HALLEX procedures are not binding on courts. Id. at 15. Further, the Magistrate Judge found that Plaintiff was not deprived of counsel at her hearing, as she waived her right to counsel at her hearing after an extensive discussion Id. at 17. The Magistrate Judge stated that "Plaintiff was provided with information about her right to representation on multiple occasions." Id. at 19. The Magistrate Judge determined that the ALJ's inquiry was adequate and that Plaintiff received a full and fair hearing. Id. at 15. Next, the Magistrate Judge found "no reversible error" in the ALJ's two-step analysis, upholding the ALJ's decision about Plaintiff's alleged severe impairments. Id. at 20. The Magistrate Judge concluded that the evidence in the record supported the ALJ's conclusion that Plaintiff's impairments were not severe before April of 2013. Id. at 22. Additionally, the Magistrate Judge

found that the ALJ's Step Three analysis, which determined that Plaintiff did not meet the criteria for listed impairments, was valid. Id. at 23.

The Magistrate Judge found that "[e]vidence from sources such as [the chiropractor] may be used 'to show the severity of [a claimant's] impairment(s) and how it affects [his or her] ability to work.'" ECF No. 57 at 29-30(quoting 20 C.F.R. § 404.1513(d)). The Magistrate Judge also found that "[a]t the time of the ALJ's decision. . . medical and psychological providers who are not acceptable providers included chiropractors." Id. Further, because the chiropractor examined Plaintiff more than five years after Plaintiff's alleged onset date, the Magistrate Judge found that the ALJ applied the appropriate weight to the chiropractor's opinion. Id. at 31. The Magistrate Judge also noted that "[t]he weight to be given to evidence from other sources 'will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issue(s) that the opinion is about, and many other factors . . . .'" Id. (quoting Social Security Ruling 06-03p). The Magistrate Judge determined that the ALJ was correct to give little weight to layperson testimony, finding that while an ALJ must consider lay evidence, it is appropriate to give it little weight if such testimony merely repeats the allegations of a plaintiff's own testimony or proves to be inconsistent with expert testimony. Id. at 32.

The Magistrate Judge found Plaintiff's arguments concerning her subjective complaints to be without merit. Id. at 37. Next, the Magistrate Judge agreed with the ALJ that Plaintiff had the ability to perform light work. Id. at 38. Further, the Magistrate Judge found that the ALJ's step five determinations were correct. In addition, the Magistrate Judge determined that the court lacks subject matter jurisdiction to consider any of Plaintiff's tort claims. Id. at 42. In conclusion, the Magistrate Judge found that there was substantial evidence to support the ALJ's decision. Id.

at 43. On November 26, 2018, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. ECF No. 60.

This matter is now before the court for review of the Magistrate Judge's Report. The court is charged with making a de novo determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28. U.S.C. § 636(b).

## II. Standard of Review

A court should review de novo only those portions of a Magistrate Judge's Report to which specific objections are filed and reviews those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are

7

to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." Vitek, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

### III.    Applicable Law

An individual is eligible for DIB benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33, if he or she is insured, has not attained retirement age, has filed an application for DIB, and is under a disability as defined in the Act. 42 U.S.C. § 423(a)(1). Under Title XVI of the Act, 42 U.S.C. §§ 1381-3(c), benefits are available to an individual who is financially eligible, files an application, and is disabled as defined in the Act. 42 U.S.C. § 1382. An individual is determined to be under a disability only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. See Barnhart v. Walton, 535 U.S. 212, 214-15 (2002). Additionally, for DIB benefits, the claimant must prove he was disabled prior to his date last insured. Bird v. Commissioner,

8

699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101(a), 404.131(a)).

The Commissioner has developed the following five-step evaluation process for determining whether a claimant is disabled under the Act: (1) whether the claimant engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment; (3) whether the impairment meets or equals the severity of an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(v). Through the fourth step, the burden of production and proof is on the claimant. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). At step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. Id. If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

## IV. Discussion[6]

### a. Objection One - Substantial Evidence

Plaintiff asserts that the Magistrate Judge erred in finding that the Commissioner's decision was supported by substantial evidence. ECF No. 60 at 1. Plaintiff asserts that "the

---

[6] Plaintiff has listed nine objections to the Magistrate Judge's Report; however, several of those objections, while having different titles, contain the same or similar legal arguments as other objections. Therefore, the court has liberally construed Plaintiff's objections, and has grouped them as necessary.

9

Commissioner's decision is not supported by substantial evidence on record through medical evidences, testimonies, and Affidavits. . . those medical evidences, testimonies, and Affidavits will be outlined through Objections." ECF No. 60 at 2 (errors in original).

Plaintiff cites to cases and statutes that support the substantial evidence standard but does not direct the court to any specific instance where a finding was not supported by substantial evidence. Upon review, the court discerns no clear error. Plaintiff's objection is without merit.

### b. Objection Two – Veracity of Plaintiff's Hearings

Plaintiff asserts that the Magistrate Judge erred in determining that she was not "prejudiced by lack of a full & fair SSA Hearing." ECF No. 60 at 3 (errors in original). To support this contention, Plaintiff submits that the "SSA Commissioner conspired with Secretary, ALJ, David S. Pang (the ALJ). . . ." Id. at 7. Plaintiff further asserts that her hearing was not full and fair because the ALJ "failed to evaluate issues or remaining impairment of Hyperhomocysteniema [sic], Vitamin D Deficiency, Dyslipidemia, Type II Diabetes, Hypertension, and High Cholesterol." Id. at 5.

The Due Process Clause of the United States Constitution requires that a social security hearing be "full and fair." Flatford v. Chater, 93 F.3d 1296, 1305 (6th Cir. 1996)(citing Perales, 402 U.S. 389 at 401-2; see also § 20 C.F.R. 404.927. When determining whether a hearing was "full and fair," courts have examined whether the nature of the hearing prejudiced the plaintiff. See Kelly v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). The Court of Appeals for the Fourth Circuit examined the issue of prejudice in terms of presence of counsel, holding that while "lack of representation by counsel is not by itself an indication that a hearing was not full and fair, it is settled that where the absence of counsel created clear prejudice or unfairness to the claimant, a

10

remand is proper." Sims v. Harris, 631 F.2d 26, 27-28 (4th Cir. 1980)(internal citations omitted). Furthermore, in cases where the plaintiff is proceeding pro se, the ALJ has an obligation to "'scrupulously and conscientiously . . . probe into, inquire of, and explore for all the relevant facts.'" Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981) (quoting Gold v. Secretary of HEW, 463 F.2d 38, 43 (2d Cir. 1972)).

Plaintiff was represented by counsel at her first pre-appeal hearing. However, Plaintiff did not have counsel for the hearings on her appeal. Both hearings resulted in an award of benefits, with the same, albeit disputed, disability onset date. At the appeal hearing, the ALJ thoroughly probed Plaintiff about her decision to waive representation, and Plaintiff indicated that she wished to do so. See infra page 15, Plaintiff's right to counsel objections. Not having an attorney present for the purpose of review by the Appeals Council did not result in damage or detriment to Plaintiff's claim. The court agrees with the Magistrate Judge that Plaintiff's multiple hearings were full and fair. The ALJ evaluated Plaintiff's claims and rendered comprehensive decisions. The ALJ probed Plaintiff for relevant facts. In fact, the record indicates that the ALJ posed questions about the very health concerns Plaintiff asserts were not evaluated, including diabetes and hyperhomocysteinemia. R. 88-89. The issue of Plaintiff's vitamin D deficiency was also raised. Id. at 89. The ALJ ultimately gave Plaintiff an award of benefits. As such, the court finds that Plaintiff was not prejudiced by the actions of the ALJ. Plaintiff's objection is without merit.

### c. Objections Three, Four, Five, and Six – Compliance with HALLEX Provisions

Plaintiff asserts that the Magistrate Judge erred by not finding that she was "prejudiced by the Commissioner failure to comply with SSA Hallexs." ECF No. 60 at 14 (errors in original).

Plaintiff also claims that a change in circumstances "barred Res Judicata Doctrine." Id. at 20. Plaintiff further alleges that "administrative Res Judicata does not preclude review of March 25, 09 Decision." Id. at 25 (errors in original). Plaintiff contends that the "January 14, 2014 Decision is reviewable." Id. at 27 (errors in original). Therefore, it appears that Plaintiff argues that: (1) the ALJ and the Commissioner did not comply with HALLEX regulations, including a failure to consider impairments, a failure to provide a written waiver of Plaintiff's attorney, incorporating incorrect records; and (2) HALLEX provisions bar the application of res judicata.[7]

HALLEX is an internal guidance document. Frederick W. Watson, Disability Claims, Guidance Documents, and the Problem of Nonlegislative Rules, 80 U. Chi. L. Rev. 2037 (2013). In general, guidance documents "are . . . agency pronouncements that inform the public of legal interpretations, policies, or procedures without conforming to the rulemaking requirements of § 553 of the Administrative Procedure Act (APA)." Id.

Because HALLEX is a guidance document designed to bind the Social Security Administration, the question of whether HALLEX procedures are relevant outside of internal Social Security Administration proceedings – specifically, whether HALLEX rules are binding on courts – often arises. There is a circuit split on the issue. Primarily, courts in the Fifth Circuit have held that the Social Security Administration's failure to comply with HALLEX provisions constitutes reversible error only if the lack of compliance resulted in prejudice to the claimant. See Newton v. Apfel, 209 F.3d. 448 (5th Cir. 2000). However, and more frequently, courts in other circuits have held that HALLEX procedures are not binding on courts, regardless of prejudice to a claimant. In Moore v. Apfel, 216 F.3d 864, 868 (9th Cir. 2000), the Court of

---

[7] Plaintiff's objections regarding res judicata rest on principles outlined in HALLEX. Therefore, the court considers such objections in conjunction with Plaintiff's general HALLEX objections.

Appeals for the Ninth Circuit held that HALLEX is a purely internal document, lacking the force of law. Courts in the Seventh and Sixth Circuits have reached similar conclusions.[8] The Court of Appeals for the Fourth Circuit has not addressed the issue, but district courts within the Fourth Circuit have addressed it. Some courts appear to adopt the Fifth Circuit prejudice approach. See Way v. Astrue, 789 F. Supp. 2d 652 (D.S.C. 2011). Others have declined to rule on the issue altogether. See Hoy v. Colvin, No. 5:12cv070, 2013 WL4010647 (W.D.Va. Aug. 5, 2013).

The stated purpose of HALLEX is to "convey[] guiding principles, procedural guidance and information to the Office of Hearings and Appeals (OHA) staff." I-1-0-1. PURPOSE, 2005 WL 1863821, at *1. Furthermore, "HALLEX includes policy statements resulting from an Appeals Council en banc meeting under the authority of the Appeals Council Chair. It also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Actions levels." Id. Plaintiff's objections lack merit under any of the above referenced approaches. Plaintiff has not shown that she suffered prejudice from a failure to comply with HALLEX. In fact, Plaintiff has not shown that the Social Security Administration and the ALJ failed to comply with HALLEX. Plaintiff makes several general and conclusory accusations, including allegations that the ALJ falsified records and failed to consider relevant medical records. Plaintiff provides no evidence to support her contentions. Plaintiff's objections (three, four, five, six) are without merit.

### d. Objection Seven – Use of Incorrect Medical Report

Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ did not consider a medical exhibit (Exhibit B14F) that the Appeals Council instructed the ALJ not to use on

---

[8] See Davenport v. Astrue, 417 F. App'x 544, 547-48 (7th Cir. 2011); Bowie v. CSS, 539 F.3d 395, 399 (6th Cir. 2008).

remand. In her objections, Plaintiff states that the ALJ mentioned the exhibit in his opinion, thereby "intentionally neglect[ing]" to remove it from the record. ECF No. 60 at 29-30.

In the ALJ's August 2016 decision, the ALJ stated that "the pages in Exhibit B14F that the Appeals Council directed me to remove had been deleted from the claimant's file by this time and, thus, any suggestion that those records were wrongly relied upon by medical experts was without merit." R. 18. The ALJ additionally stated that:

> I also received additional post-hearing evidence, submitted by the claimant, from Catawba Family Practice, the substance of which I removed from the administrative record and did not consider in rendering this decision. This evidence was comprised entirely of medical records that were previously exhibited in B14F at pages that the Appeals Council specifically barred me from considering.

R. 20.

The court's review of the record discloses no evidence that the ALJ relied on Exhibit B14F in rendering his decision. Plaintiff's objection (seven) is without merit.

### e. Objection Eight - Right to Counsel

Plaintiff objects to the Magistrate Judge's finding that she was not deprived of her right to counsel. ECF No. 60 at 30.

At the hearing, the ALJ queried Plaintiff:

ALJ: Looks like you're unrepresented. Can you tell me what's going on with your representation situation now?
CLMT: She was discharged.[9]
ALJ: Okay. So, obviously, you know that you do have the right to representation, correct?
CLMNT: Yes, sir.
ALJ: Okay. So did you want to go forward today on your own or were you trying to get someone else to help you?
CLMNT: No, I'm going – going forward today.

---

[9] Plaintiff, unhappy with the January 2014 determination, requested that her attorney appeal the decision. R. 780-84. Plaintiff's attorney refused, citing frivolity. Id. As such, Plaintiff's attorney withdrew on January 30, 2014. R. 318.

14

R. 83.

Plaintiff asserts that the transcript "has been illegally altered" and is "not accurate." ECF No. 60 at 31. Plaintiff further alleges that "testimony was added/deleted and that testimony was split to transition from one-page-to-another." Id. (errors in original). Plaintiff's allegations are speculative and baseless. Further, the record contains a document, signed by Plaintiff on January 29, 2015, indicating that she waived her right to representation. R. 344. Plaintiff's eighth objection is without merit.

### f. Objection Nine – Weight Given to Non-Expert Testimony

Plaintiff contends that the Magistrate Judge erred in upholding the ALJ's weighing of opinion and layperson evidence. Plaintiff contends that the "Commissioner fraudulently implied Chiropractors are not acceptable medical sources under SSA regulations." ECF No. 60 at 32. Furthermore, Plaintiff argues that letters written by family members were made "in observation of mother's suffering," and should have been given more weight. Id.

The Magistrate Judge correctly determined that at the time of Plaintiff's decision, chiropractors were not proper medical sources, and that layperson testimony can be limited. See supra page 6. Plaintiff's objections do not raise any new points of law. They simply appear to indicate disagreement with the Magistrate Judge's Report and point to the same code provisions to which the Magistrate Judge refers. Plaintiff presents general and conclusory objections, and the court finds no error in the Magistrate Judge's analysis. Furthermore, Plaintiff's allegations of fraudulent conduct on behalf of the Commissioner are again unsubstantiated. Plaintiff's objection is without merit.

## V. Conclusion

After reviewing the entire record, the applicable law, the briefs of the parties, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out here and, in the Report, and Recommendation, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March__13__, 2019
Charleston, South Carolina